**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| JENAM TECH, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Civil Action No. 6:21-cv-271-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE LLC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF
JENAM TECH, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google LLC ("Google"), by and through counsel, submits its Answer to Plaintiff Jenam Tech, LLC's ("Jenam") Complaint, as follows:

## PARTIES

1. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

2. Google admits that it is a Delaware limited liability company with a physical address at 500 West 2nd Street, Austin, Texas 78701.  Google admits that its registered agent in Texas is Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.  Google admits that it is registered to do business in the State of Texas and has been since at least November 17, 2006.  Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, Google denies the allegations.

3. Solely for the purpose of this action, Google does not contest personal jurisdiction in this District.  Google specifically denies that it has committed any acts of infringement within the Western District of Texas, or any other District.  Google denies any remaining allegations of this paragraph.

4. Google admits that it conducts business in the State of Texas, throughout the United States, and within this District.  Google denies that it has committed any acts of patent infringement within or outside the State of Texas or within this District.  Google denies any remaining allegations of this paragraph.

## JURISDICTION AND VENUE

5.  Google admits that this action invokes the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims.  Google denies any remaining allegations of this paragraph.

6.  Google admits that venue is proper in this District for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a).  Google admits that it has an office at 500 West 2nd Street, Austin, Texas 78701.  Google denies any remaining allegations of this paragraph.

7.  This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them.

## THE PATENT-IN-SUIT

8.  Google admits that United States Patent No. 10,951,742 ("the '742 patent"), on its face, bears the title quoted in this paragraph and an issuance date of March 16, 2021.  Google denies that the '742 patent was duly and legally issued.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

9.  Google denies the allegations in this paragraph as they relate to Google, and specifically denies that it has committed any acts of infringement.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

10. Google admits that what appears to be a copy of the '742 patent is attached to the Complaint as Exhibit A.  Google denies any remaining allegations of this paragraph.

11. Google admits that Plaintiff refers to the '742 patent as the "patent" or "patent in suit."

12. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

13. Google denies the allegations of this paragraph, and specifically denies that it has committed any acts of infringement.

## COUNT I: INFRINGEMENT OF THE '742 PATENT

14. Google incorporates by reference its responses to the allegations of paragraphs 1-13 above as its response to this paragraph.

15. Google admits that the '742 patent, on its face, includes 176 claims. Google denies that the '742 claims were validly and duly issued.

16. Google denies the allegations of this paragraph, and specifically denies that it has committed any acts of infringement.

17. Google denies the allegations of this paragraph, and specifically denies that it has committed any acts of infringement.

18. Google denies the allegations of this paragraph, and specifically denies that it has committed any acts of infringement.

19. Google denies the allegations of this paragraph, and specifically denies that it has committed any acts of infringement.

20. Google denies the allegations of this paragraph, and specifically denies that it has committed any acts of infringement.

21. Google admits that it became aware of the '742 patent upon service of the Complaint. Any remaining allegations in this paragraph consist of argument and legal

conclusions, to which no response is required, but to the extent a response is required, Google denies the allegations.

22.     Google denies the allegations of this paragraph, and specifically denies that it has committed any acts of infringement.

## RELIEF REQUESTED

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required.  Google denies that Plaintiff is entitled to any of the requested relief and denies any allegations.

## JURY DEMAND

Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Google is not required to respond.  To the extent that any allegations are included in the demand, Google denies these allegations.

Google denies each and every allegation of Plaintiff's Complaint not specifically admitted or otherwise responded to above.  Google specifically denies that it has infringed or is liable for infringement of any valid and enforceable patent claims of Plaintiff.  Google further specifically denies that Plaintiff is entitled to any relief whatsoever of any kind against Google as a result of any act of Google or any person or entity acting on behalf of Google.

## GOOGLE'S AFFIRMATIVE DEFENSES

Google asserts the following affirmative defenses.  To the extent any of the defenses, in whole or in part, relates to or negates an element of Plaintiff's claims, Google in no way seeks to relieve Plaintiff of its burden of proof or persuasion on that element.  All defenses are pled in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.  Google reserves any and all rights it has under the Federal Rules of Civil Procedure

to assert additional defenses and/or counterclaims as additional facts are learned or present themselves during discovery or otherwise during the course of these proceedings.

## First Defense – No Patent Infringement

1. Google does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '742 patent.

2. Google also does not infringe any valid and enforceable claim of the '742 patent based on the reverse doctrine of equivalents.

## Second Defense – Patent Invalidity

3. The claims of the '742 patent are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

4. The claims of the '742 patent are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

5. The claims of the '742 patent are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

6. The claims of the '742 patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

## Third Defense – Limitation on Patent Damages

7. Plaintiff's claims for damages, if any, against Google for alleged infringement of the '742 patent are limited by 35 U.S.C. §§ 286, 287 and/or 288.

### Fourth Defense – Prosecution History Estoppel / Prosecution Disclaimer

8. Plaintiff's claims are barred by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

### Fifth Defense – Inequitable Conduct / Fraud on the Patent Office

9. Plaintiff's claims are barred, in whole or in part, due to inequitable and fraudulent conduct on the United States Patent & Trademark Office ("USPTO").

10. Google incorporates by reference its allegations in its Third Counterclaim for Declaratory Judgment of Unenforceability of U.S. Patent No. 10,951,742, paragraphs 19-69 of Google's Counterclaims, set forth below.

### Sixth Defense – Waiver and Estoppel

11. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

### Seventh Defense – Damages Speculative, Uncertain, and Contingent

12. Plaintiff's alleged damages are speculative, uncertain and/or contingent, have not accrued, and are not recoverable.

### Eighth Defense – No Injury

13. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury in fact from the conduct alleged in the Complaint.

### Ninth Defense – No Causation

14. Google's conduct was and is neither the cause in fact nor the proximate cause of any injury, loss, or damage alleged by Plaintiff.

**Tenth Defense – Licensing**

15. To the extent any accused products are subject to a license for the '742 patent, Plaintiff's claims are barred, in whole or in part.

## COUNTERCLAIMS

As and for its Counterclaims against Jenam, Google respectfully states as follows:

## THE PARTIES

1. Google is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

2. On information and belief, Jenam is a corporation organized and existing under the laws of the State of Texas, with a principal place of business registered at 211 West Tyler Street, Suite C, Longview, Texas, 75601.

3. On information and belief, Jenam does not have any employees routinely working at 211 West Tyler Street, Suite C, Longview, Texas, 75601.

4. On information and belief, Jenam shares its offices at 211 West Tyler Street, Suite C, Longview, Texas, 75601 with at least four other entities, including Oso-IP, LLC, Aloft Media, LLC, Azure Networks, LLC, and Stragent, LLC.

5. On information and belief, Jenam does not have its own dedicated office space at 211 West Tyler Street, Suite C, Longview, Texas, 75601.

6. On information and belief, Jenam was created solely for the purpose of holding and litigating patents, including U.S. Patent No. 10,951,742 ("the '742 patent"), in Texas.

7. On information and belief, George A. Gordon, also known as Andrew Gordon, ("Gordon") is the managing member and registered agent of Jenam.

8. On information and belief, Kevin Zilka ("Zilka") is controlling Jenam. On information and belief, Zilka resides in Northern California.

## JURISDICTION AND VENUE

9. Subject to Google's defenses and denials, Google alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202. Based solely on Jenam's filing of this action in this District, and solely if Jenam's action is not transferred to another district or division, venue is proper for Google's Counterclaims.

10. This Court has personal jurisdiction over Jenam.

## COUNT ONE - Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,951,742

11. Google restates and incorporates by reference its allegations in paragraphs 1-10 of its Counterclaims.

12. An actual case or controversy exists between Google and Jenam as to whether the '742 patent is infringed by Google.

13. A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '742 patent.

14. Google has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '742 patent.

## COUNT TWO - Declaratory Judgment of Invalidity of U.S. Patent No. 10,951,742

15. Google restates and incorporates by reference its allegations in paragraphs 1-10 of its Counterclaims.

16. An actual case or controversy exists between Google and Jenam as to whether the '742 patent is invalid.

17.     A judicial declaration is necessary and appropriate so that Google may ascertain its rights as to whether the '742 patent is invalid.

18.     The '742 patent is invalid because it fails to meet the "conditions for patentability" of 35 USC §§ 101, 102, 103, and/or 112 because the alleged invention thereof lacks utility; is taught by, suggested by, and/or, obvious in view of, the prior art; and/or is not adequately supported by the written description of the patented invention, and no claim of the '742 patent can be properly construed to cover any of Google's products.

### COUNT THREE - Declaratory Judgment of Unenforceability of U.S. Patent No. 10,951,742

19.     Google restates and incorporates by reference its allegations in paragraphs 1-10 of its Counterclaims.

20.     Jenam's claims are barred, in whole or in part, due to inequitable and fraudulent conduct on the United States Patent & Trademark Office ("USPTO") during the prosecution of the '742 patent.  On information and belief, when committing these acts, the persons involved in prosecuting the '742 patent acted with the specific intent to conceal material information and to deceive the Patent Office into issuing and/or affirming claims that it would not have issued or affirmed had it known the true facts.

21.     Attorney Patrick Edgar Caldwell ("Attorney Caldwell") of The Caldwell Firm, LLC filed and/or prosecuted the patent applications from which the '742 patent issued on behalf of inventor-applicant Robert Paul Morris.  Attorney Caldwell also filed and/or prosecuted related patent applications within the same patent family to which the '742 patent claims priority.

22.     On information and belief, Attorney Caldwell made misrepresentations that were material to the patentability of the '742 patent to the USPTO during the prosecution of at least one of the patent applications to which the '742 patent relates and/or claims priority, and did so

with a specific intent to deceive the USPTO.

23. The '742 patent relates to and/or claims priority from, U.S. Patent Application 13/477,402 ("the '402 application"), filed May 22, 2012.

24. The '742 patent cites the '402 application as a related patent application.

25. On information and belief, during prosecution of the '402 application, Jenam, Gordon, Zilka, Attorney Caldwell, and Sitting Man LLC acted as agents, employees, and/or representatives of each other.

26. On information and belief, during prosecution of the '402 application, Jenam, Gordon, Zilka, Attorney Caldwell, and Sitting Man LLC acted within the course and scope of their agency, employment, and/or representation with the full knowledge, consent, permission, authorization, and ratification, either express or implied, of each other.

27. The '402 application is unenforceable due to inequitable conduct before the USPTO by persons involved in the prosecution of the '402 application.

28. Under the doctrine of infectious unenforceability, the inequitable conduct committed by persons involved in the '402 application infects and renders unenforceable all patents that are related to, or that claim priority from, the '402 application, including the '742 patent.

29. The '742 patent is a continuation of application 16/914,267, which is a continuation of application 16/368,811, which is a continuation of application 16,040,522, which is a continuation of application 15/915,047, which is a continuation of application 15/694,802, which is a continuation-in-part of application 14/667,642 ("the '642 application").

30. The '642 application is a continuation-in-part of the '402 application. The '642 application was filed March 24, 2015.

31. The '402 application is a continuation-in-part of U.S. Patent Application 12/714,454 ("the '454 application"). The '454 application was filed February 27, 2010.

32. Attorney Caldwell of The Caldwell Firm, LLC filed and prosecuted the '642 application on behalf of Morris.

33. Attorney Caldwell also prosecuted the '402 and '454 applications on behalf of Morris since at least late-2013.

34. On September 24, 2014, during the prosecution of the '402 application, the USPTO sent a notification of an Office Action (a Non-Final Rejection of the '402 application) to Attorney Caldwell at his firm's email address, pcaldwell@thecaldwellfirm.com.

35. The USPTO also sent the September 24, 2014 notification to lcaldwell@thecaldwellfirm.com and to andrew.gordon@stragent.com.

36. On information and belief, lcaldwell@thecaldwellfirm.com was an email address affiliated with Attorney Caldwell's firm.

37. On information and belief, andrew.gordon@stragent.com was the email address for Gordon.

38. The September 24, 2014 Office Action in the '402 application file history explained that a reply was required within six months of the mailing date of the communication, after which point the '402 application would become abandoned pursuant to 35 U.S.C. § 133.

39. On October 2, 2014, the USPTO then mailed a "courtesy postcard" to The Caldwell Firm, LLC at its mailing address to provide "a courtesy reminder that new correspondence is available for this application."

40. According to the '402 application file history, Attorney Caldwell did not respond to the September 24, 2014 Office Action.

41. A Notice of Abandonment for the '402 application was sent on April 7, 2015 to Attorney Caldwell at pcaldwell@thecaldwellfirm.com, and to lcaldwell@thecaldwellfirm.com.

42. The file history indicates no response to the April 7, 2015 Notice of Abandonment.

43. On information and belief, Attorney Caldwell, Gordon, and Jenam intentionally abandoned the '402 application.

44. Almost a year later, on March 14, 2016, Attorney Caldwell filed a Petition to Revive Application for Continuity Purposes for the abandoned '402 application ("the March 14, 2016 Petition"), certifying: "The entire delay in filing the required reply from the due date for the required reply until the filing of a grantable petition under 37 CFR 1.137(a) was unintentional."

45. The USPTO granted the March 14, 2016 Petition, and the abandoned '402 application was revived for continuity purposes.

46. Attorney Caldwell's certification to the USPTO in the March 14, 2016 Petition that "the entire delay in filing the required reply from the due date for the required reply until the filing of a grantable petition under 37 CFR 1.137(a) was unintentional" was false and made with the specific intent to deceive the USPTO.

47. On information and belief, Attorney Caldwell knew that another patent application in the same family—the '642 application—had also been deemed abandoned by the USPTO as early as November 10, 2015, but Attorney Caldwell intentionally chose not to revive the '402 application until five months later, and almost a year after the deadline for the response.

48. In addition, Attorney Caldwell's decision to ignore and not respond to the September 24, 2014 Office Action was itself intentional, as multiple patents and patent applications related to the '742 patent were abandoned in the 2015 time period while Attorney

Caldwell, Morris, and Gordon continued to prosecute several patents unrelated to the '742 patent during that time period.

49. Like the '402 application, the '642 application was also deemed abandoned on July 7, 2015 after Attorney Caldwell failed to timely respond within two months to a "Notice to File Missing Parts" issued on April 6, 2015.

50. But unlike the '402 application, Attorney Caldwell took affirmative steps to revive the abandoned '642 application on November 10, 2015 by filing a petition that certified that the entire delay for failing to respond to the "Notice to File Missing Parts" was unintentional.

51. As the '402 application was revived specifically for continuity purposes for the '642 application, on information and belief, Attorney Caldwell knew as of November 10, 2015, that the '402 application had been abandoned. Despite that knowledge, Attorney Caldwell intentionally delayed another five months before reversing course and deciding to revive the '402 application, contrary to his certification to the USPTO in the March 14, 2016 Petition.

52. In addition, on information and belief, Attorney Caldwell intentionally ignored USPTO deadlines for several other patents and patent applications related to the '742 patent in the 2015 time period, while complying with other deadlines during the same period.

53. In addition to ignoring USPTO response deadlines for the '402 and '642 Applications in 2015, Attorney Caldwell ignored USPTO response deadlines for U.S. Patent Applications 14/294,059 ("the '059 application") and 13/941,502 ("the '502 application") in 2015.

54. Specifically, the '059 application received a non-final rejection in February 2015 and was deemed abandoned by the USPTO in August 2015 for failure to respond to the Office

13

Action.

55. Similarly, the '502 application received a non-final rejection in January 2015.

56. On August 17, 2015, the '502 application file history shows that the examiner "called and left a message for applicant's attorney who did not return the examiner's call."

57. One week later, the '502 application was deemed abandoned.

58. Attorney Caldwell and Morris also failed to pay maintenance fees in late 2015 for U.S. Patent No. 8,219,606, which issued from the '454 application (to which the '742 patent claims priority) causing the patent to expire no later than August 5, 2016.

59. Thus, on information and belief, Attorney Caldwell and Morris intentionally allowed multiple patent applications and an issued patent related to the '742 patent to become abandoned or expire in the 2015 period, but selectively chose to revive a subset of them (including the '402 and '642 applications) at different times. None of these actions by Attorney Caldwell were "unintentional."

60. Attorney Caldwell, Morris, and Gordon were also actively prosecuting multiple other patent applications unrelated to the '402 and '642 applications during the 2015 time period and did not abandon those applications during the 2015 time period, intentionally or otherwise.

61. But for Attorney Caldwell's misrepresentation to the USPTO, the '402 application would not have been revived.

62. But for Attorney Caldwell's misrepresentation to the USPTO, Attorney Caldwell would not have been able to prosecute the '642 application as a continuation-in-part of the '402 application.

63. But for Attorney Caldwell's misrepresentation to the USPTO, the '742 patent, which arises from the '642 application, would not have issued.

64. On information and belief, Attorney Caldwell was motivated to make the false certification in order to ultimately obtain issuance of the '742 patent.

65. On information and belief, Jenam and its managing member and registered agent Gordon, participated in, had knowledge of, and/or received emailed notices from the USPTO regarding the prosecution of the aforementioned patent applications, including the '402 application.

66. On information and belief, Jenam and Gordon were aware of the material misrepresentations made by Attorney Caldwell to the USPTO as described above.

67. On information and belief, Jenam and Gordon were motivated to have the false certification submitted to the USPTO in order to ultimately obtain issuance of the '742 patent.

68. Persons involved in the '402 application falsely certified that the '402 application was unintentionally abandoned. The '402 application was only revived due to the misrepresentation to the USPTO that the abandonment of the '402 application was unintentional. This material misrepresentation was made with the intent to deceive the USPTO and thus constitutes fraudulent and inequitable conduct. The '402 application is unenforceable due to this inequitable conduct and/or fraud before the USPTO. The '742 patent arises from the '402 application, and under the doctrine of infectious unenforceability, is unenforceable.

69. Accordingly, an actual and justiciable controversy has arisen and exists between Google and Jenam relating to the unenforceability of the '742 patent. Google seeks a judicial determination and declaration of unenforceability of the claims of the '742 patent.

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as

a result of, *inter alia*, Jenam's assertion of the '742 patent against Google with the knowledge that Google does not infringe any valid or enforceable claim of the '742 patent and/or that the '742 patent is invalid and/or unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Google requests entry of judgment in its favor and against Jenam as follows:

a.) A declaration that the '742 patent, and every asserted claim thereof, is not infringed;

b.) A declaration that the '742 patent, and every asserted claim thereof, is invalid;

c.) A declaration that the '742 patent, and every asserted claim thereof, is unenforceable;

d.) Permanent injunctive relief to which Jenam and their employees or representatives, and all persons acting in concert or participating with them are ordered, enjoined, restrained, directly or indirectly, by any means whatsoever, from enforcing, seeking to enforce, or threatening to enforce in any forum the '742 patent;

e.) A declaration that this is an "exceptional case" under 35 U.S.C. § 285 and an award granting Google its costs and reasonable attorneys' fees as permitted under that statute; and

f.) Any other and further relief that this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Google hereby demands a jury trial for all issues so triable.

Dated: June 14, 2021

Respectfully submitted:

KEKER, VAN NEST & PETERS LLP

By: */s/Robert A. Van Nest, with permission by Michael E. Jones*
KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (CA Bar No. 084065)
Matthew M. Werdegar (CA Bar No. 200470)
Ryan K. Wong (CA Bar No. 267189)
Edward A. Bayley (CA Bar No. 267532)
Jason George (CA Bar No. 307707)
Katie Lynn Joyce (CA Bar No. 308263)
Rylee K. Olm (CA Bar No. 318550)
Kristin E. Hucek (CA Bar No. 321853)
633 Battery Street
San Francisco, CA 94111
Phone: (415) 391-5400
Fax: (415) 397-7188
RVanNest@keker.com
MWerdegar@keker.com
RWong@keker.com
EBayley@keker.com
JGeorge@keker.com
KJoyce@keker.com
ROlm@keker.com
KHucek@keker.com

Michael E. Jones (TX Bar No. 10929400)
mikejones@potterminton.com
Patrick C. Clutter (TX Bar No. 24036374)
patrickclutter@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

***Attorneys for Defendant GOOGLE LLC***

17

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 14, 2021.

*/s/ Michael E. Jones*