**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| JENAM TECH, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action No. 6:20-cv-00453-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| JENAM TECH, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Civil Action No. 6:21-cv-000271-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**DECLARATION OF RYLEE KERCHER OLM IN SUPPORT OF GOOGLE LLC'S
OPPOSED MOTION TO STAY PROCEEDINGS PENDING
*INTER PARTES* REVIEW AND POST GRANT REVIEW PROCEEDINGS
<u>AT THE PATENT TRIAL AND APPEAL BOARD</u>**

1748106

I, Rylee Kercher Olm, declare and state as follows:

1. I am an attorney licensed to practice in the State of California, admitted to appear *pro hac vice* in these matters, and am an associate at the law firm of Keker, Van Nest & Peters LLP, counsel of record for Defendant Google LLC (hereinafter "Google") in the above-captioned-actions. I submit this declaration in support of Google's Opposed Motion to Stay Proceedings Pending *Inter Partes* Review and Post Grant Review Proceedings at the Patent Trial and Appeal Board. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them under oath if called as a witness.

2. Attached as **Exhibit 1** is a true and correct copy of Patent Owner's Preliminary Response, Patent No. 10,306,026, dated August 13, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2021-00868.

3. Attached as **Exhibit 2** is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 9,923,995, dated April 17, 2020, and filed in the United States Patent and Trademark Office, Case No. IPR2020-00845.

4. Attached as **Exhibit 3** is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 10,075,564, dated March 15, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2021-00628.

5. Attached as **Exhibit 4** is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 10,075,564, dated March 15, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2021-00629.

6. Attached as **Exhibit 5** is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 10,075,565, dated March 15, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2021-00630.

2

7. Attached as **Exhibit 6** is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 10,375,215, dated March 15, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2021-00627.

8. Attached as **Exhibit 7** is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 10,069,945, dated April 29, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2021-00869.

9. Attached as **Exhibit 8** is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 10,069,945, dated April 29, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2021-00870.

10. Attached as **Exhibit 9** is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 10,306,026, dated April 29, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2021-00867.

11. Attached as **Exhibit 10** is a true and correct copy of the Petition for *Inter Partes* Review of U.S. Patent No. 10,306,026, dated May 10, 2021, and filed in the United States Patent and Trademark Office, Case No. PGR2021-00082.

12. Attached as **Exhibit 11** is a true and correct copy of the Petition for Post Grant Review of U.S. Patent No. 10,742,774, dated April 29, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2021-00867.

13. Attached as **Exhibit 12** is a true and correct copy of the Final Written Decision, Patent No. 9,923,995, dated August 27, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2020-00845.

14. Attached as **Exhibit 13** is a true and correct copy of an email from Derek Dahlgren to Matthew Werdegar and Jason George, sent August 31, 2021.

15. Attached as **Exhibit 14** is a true and correct copy of the United States Patent and Trademark Office Decision Granting Institution of *Inter Partes* Review, Patent No. 10,075,564, dated September 20, 2021, Case No. IPR2021-00628.

16. Attached as **Exhibit 15** is a true and correct copy of the United States Patent and Trademark Office Decision Granting Institution of *Inter Partes* Review, Patent No. 10,075,564, dated September 20, 2021, Case No. IPR2021-00629.

17. Attached as **Exhibit 16** is a true and correct copy of the United States Patent and Trademark Office Decision Granting Institution of *Inter Partes* Review, Patent No. 10,075,565, dated September 20, 2021, Case No. IPR2021-00630.

18. Attached as **Exhibit 17** is a true and correct copy of the United States Patent and Trademark Office Decision Granting Institution of *Inter Partes* Review, Patent No. 10,375,215, dated September 20, 2021, Case No. IPR2021-00627.

19. Attached as **Exhibit 18** is a true and correct copy of Jenam's Infringement Contentions, served March 17, 2021 and July 2, 2021.

20. Attached as **Exhibit 19** is a true and correct copy of the United States Patent and Trademark Office, Patent Office Trial Statics from October 1, 2020 to June 30, 2021 https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2021_q3__roundup.pdf (last visited September 20, 2021).

21. Attached as **Exhibit 20** is a true and correct copy of the United States Patent and Trademark Office, Patent Office Reexamination Statistics from July 1981 to March 2021, https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf (last visited September 20, 2021).

22. Attached as **Exhibit 21** is a true and correct excerpt of the prosecution history of U.S. Patent 9,923,995.

23. Attached as **Exhibit 22** is a true and correct excerpt of the prosecution history of U.S. Patent 9,923,996.

24. Attached as **Exhibit 23** is a true and correct excerpt of the prosecution history of U.S. Patent 10,069,945.

25. Attached as **Exhibit 24** is a true and correct excerpt of the prosecution history of U.S. Patent 10,075,564.

26. Attached as **Exhibit 25** is a true and correct excerpt of the prosecution history of U.S. Patent 10,075,565.

27. Attached as **Exhibit 26** is a true and correct excerpt of the prosecution history of U.S. Patent 10,306,026.

28. Attached as **Exhibit 27** is a true and correct excerpt of the prosecution history of U.S. Patent 10,375,215.

29. Attached as **Exhibit 28** is a true and correct excerpt of the prosecution history of U.S. Patent 10,742,774.

30. Attached as **Exhibit 29** is a true and correct excerpt of the prosecution history of U.S. Patent 10,951,742.

31. Attached as **Exhibit 30** is a true and correct copy of Patent Owner's Request for Rehearing, Patent No. 9,923,995, dated September 27, 2021, and filed in the United States Patent and Trademark Office, Case No. IPR2020-00845.

5

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in San Francisco, California on September 29, 2021.

*Rylee Kercher Olm*
Rylee Kercher Olm