# Exhibit A

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: GOOGLE LLC,**
*Petitioner*

---

2021-171

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00453-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before LOURIE, BRYSON, and TARANTO, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Google LLC petitions this court for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this action to the United States District Court for the Northern District of California. We conclude that the district court's refusal to transfer the case constituted a clear abuse of discretion. We therefore grant mandamus directing transfer.

I

Jenam Tech, LLC, filed a complaint in the Waco Division of the Western District of Texas charging Google, a Delaware corporation headquartered in Mountain View, California, with patent infringement. Jenam alleged that Google's use of the Quick UDP Internet Connections ("QUIC") protocol infringes eight patents relating to methods, systems, and computer products for sharing information to detect an idle Transmission Control Protocol connection.

Google moved to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Google noted that Jenam's only registered place of business and its only employee, George Andrew Gordon, are located in the Eastern District of Texas. App. 362. Google further pointed out that a different company based in the Northern District of California, Oso-IP, LLC, appears to handle licensing of Jenam's patents to others. *Id.* Google noted that witnesses knowledgeable about the implementation and maintenance of the protocol and potential prior art reside in the Northern District of California. App. 362–64.

Google also submitted a sworn declaration stating that the "vast majority of the research, design, development, and testing activities related to the QUIC protocol have occurred and continue to occur in Mountain View [California] or Cambridge [Massachusetts]," and "both the source code and technical documents related to Google's QUIC protocol are created and maintained in Mountain View and Cambridge." App. 379. Google stated it was unaware of any potential witnesses or sources of proof in the Western District of Texas.

Jenam responded that Google maintains an office in Austin, Texas, within the Western District of Texas. App. 478. In addition, Jenam argued that the Western District of Texas would be a convenient venue for its own witnesses

and sources of proof. In support of that assertion, Jenam submitted a declaration from the inventor, Robert Paul Morris, who stated that he would "most likely be unwilling to testify in-person at a deposition, hearing or a trial" either in the Western District of Texas or the Northern District of California "during the COVID-19 pandemic." App. 500. If he were required to testify, he stated, "it would be safer and far more convenient . . . for me to drive than to fly," and that he would prefer driving to Waco from his home in Georgia rather driving to California. *Id.* Jenam also noted that the Western District of Texas would be more convenient than the Northern District of California for the patent prosecution attorney, who lives in the Northern District of Texas, and for Mr. Gordon, who lives in the Eastern District of Texas. App. 496.

On July 8, 2021, the district court issued an order denying Google's transfer motion. At the outset, the court found that this action could have been brought in the Northern District of California. The court then analyzed Google's transfer motion by applying the set of private-interest and public-interest factors that the Fifth Circuit has directed courts to use in making transfer decisions under section 1404(a). *See In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc).

The district court took note of the five factors that were disputed between the parties: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; (4) the administrative difficulties flowing from court congestion; and (5) the local interest in having disputes regarding activities occurring principally within a particular district decided by a court within that district.

As for the sources of proof, the district court recognized that Google kept local copies of the documents in the Northern District of California, App. 8–9, but found that it would not be difficult for Google to access those documents electronically from Google's offices within the Western District of Texas, App. 8. As for Jenam's documents, the court found that it would be more convenient for Mr. Gordon to transfer any documents in his possession to the Western District of Texas than to the Northern District of California. App. 9. On those grounds, the court concluded the sources-of-proof factor "weighs solidly against transfer." *Id.*

With respect to the availability of compulsory process, Google identified five third-party witnesses who were located in the Northern District of California and who could be compelled to testify by a court in that district but not by the court in the Western District of Texas. The district court, however, found that Google had failed to show that four of those witnesses would be unwilling to testify at trial in the Western District of Texas; the court therefore discounted those witnesses for purposes of the compulsory process factor. App. 10–11. Finding that only one potential third-party witness was "likely unwilling to testify in Texas" (but could be subpoenaed by a court in the Northern District of California) the district court concluded that the compulsory process factor weighed in favor of transfer, but only slightly so. App. 12 (internal quotation marks omitted).

Addressing the convenience of potential witnesses, the court expressed the view that in patent cases generally, the court "assumes that no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify live at trial" and therefore "long lists of potential party and third-party witnesses do not affect the Court's analysis for this factor." App. 13. Furthermore, the court expressed the view that the convenience of witnesses is not an

important consideration in the case of party witnesses. App. 13. The court recognized that two Google employees who were potential witnesses resided in the Northern District of California. App. 13. However, the court concluded that the inconvenience to those Google employees of traveling to Waco would be equivalent to the inconvenience to Mr. Gordon of traveling to California if the case were transferred there. App. 14. The court therefore determined that the convenience-of-the-witnesses factor was neutral as to party witnesses. *Id.*

As for non-party witnesses, the court recognized that Oso-IP's principal and four former Google employees were potential witnesses and were located in the Northern District of California. *Id.* However, the court found that, as "the sole inventor of the Asserted Patents, the importance of Mr. Morris's testimony outweighs the testimony of Google's former employees." App. 15. The court observed that "[t]he additional travel, lodging, and related costs that Mr. Morris will incur with a 2,600-mile drive to the NDCA over a shorter, 900-mile trip to the WDTX amount to a significant difference of convenience." App. 16. The court also noted that Waco would be more convenient for the patent prosecution attorney, who lives in the Northern District of Texas. The court therefore found that the convenience of non-party witnesses weighed against transfer.

As to which district has the greater local interest in this dispute, the district court acknowledged that the Northern District of California had a local interest in resolving this case because the QUIC protocol was designed and developed in that district. App. 18. However, the court found that the local interest factor was neutral with respect to Google because "both Districts are home to Google facilities, employees, and are significant markets for the allegedly infringing products." *Id.* On the whole, the district court found that the local interest factor weighed against transfer on the ground that the Western District of Texas

had an interest in adjudicating this case because Jenam is a Texas entity. *Id.*

Finally, with respect to the court-congestion factor, the court noted that "[i]f this case is transferred to the [Northern District of California], establishing a new schedule with a new presiding judge would cause greater delay." App. 17. "Because transfer would only prolong this case," the court explained, "this factor weighs against transfer." *Id.* Taking into account the weight it assigned to each of the transfer factors, the district court concluded that Google had not established that the Northern District of California was clearly the more convenient venue for trial, and the court therefore denied Google's transfer motion. App. 19.

II

Our review of transfer rulings is governed by the law of the regional circuit, which in this case is the Fifth Circuit. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Under Fifth Circuit law, the governing principles are well settled. Section 1404(a) authorizes a court to transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice[.]" Fifth Circuit law provides that a motion to transfer should be granted if "the movant demonstrates that the transferee venue is clearly more convenient." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *Volkswagen*, 545 F.3d at 315) (internal quotation marks omitted).

A district court enjoys broad discretion in making a transfer determination. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). That deference, however, does not exempt transfer determinations from scrutiny on mandamus. *See In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021). When a court's denial of a motion to transfer under section 1404(a) clearly contravenes governing legal standards, we have issued mandamus to overturn the

denial of transfer. *See, e.g.*, *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020).

Google argues that the transfer analysis here contravenes governing law in four respects. First, the court found that the convenience-of-the-witnesses factor weighed against transfer, even though several witnesses are located in the Northern District of California and none are located in the Western District of Texas. Second, the court found that the local interest factor weighed against transfer even though the events giving rise to this suit occurred in the Northern District of California and not in the Western District of Texas. Third, the court concluded that the court congestion factor weighed against transfer, even though the court did not find that the transferee venue was more congested. Fourth, the court weighed the sources-of-proof factor against transfer despite the fact that there are sources of proof in Northern California and no such sources of proof in the Western District of Texas. In light of those errors, Google contends, the court's refusal to grant transfer here amounts to a clear abuse of discretion.

A

Google's primary argument is that the convenience of willing witnesses must be regarded as weighing heavily in favor of transfer because there are several potential witnesses in the Northern District of California and none in the Western District of Texas. We agree with Google.

In holding that the Western District of Texas is more convenient for willing witnesses, the district court recognized that it is "obviously more convenient for witnesses to testify closer to home," App. 13 (internal quotation marks and citation omitted), but it qualified that observation in two respects. First, the court stated that the convenience-of-the-witnesses factor relates primarily to the convenience of willing non-party witnesses, not party witnesses. *Id*. Second, the court took the position that Mr. Morris's testimony as the inventor was more important than that of the

four former Google employees located in the Northern District of California and therefore that more weight should be given to the relative inconvenience associated with Mr. Morris's travel from Georgia. We disagree with the district court on both points.

First, we have held that the fact that a witness is affiliated with a party "does not negate the inconvenience and cost to those individuals to travel a significant distance to testify." *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021); *see also Samsung*, 2 F.4th at 1379 (holding that a district court's section 1404(a) analysis "must consider" the convenience of "possible party witnesses"); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 2021) (same); *In re Apple Inc.*, 818 F. App'x 1001, 1003 (Fed. Cir. 2020) (rejecting the view that the convenience of party witnesses is given "little weight"). We have likewise rejected the categorical assumption that defendants are likely to call few if any of the proposed party witnesses that are identified for purposes of supporting transfer motions. *In re Juniper Networks, Inc.*, No. 2021-160, __ F.4th __, 2021 WL 4343309, at *4 (Fed. Cir. Sept. 24, 2021).

Google identified two of its employees and three former employees who reside in the Northern District of California and are likely to testify given their work on the accused protocols, as well as a principal of Oso-IP, who was involved in the prosecution and licensing of the asserted patents. By contrast, Jenam identified as witnesses only its one employee and the prosecuting attorney.

The district court concluded that the inconvenience to the party witnesses effectively cancels out under these circumstances. But that conclusion is not supported by the record. Mr. Gordon is Jenam's only identified party witness who would be more inconvenienced by having to travel to California instead of Waco to testify, and even Mr. Gordon does not live in the Western District of Texas and

would have close to a two-hour drive to travel from his home in Frisco, Texas, to the courthouse in Waco. App. 496. Thus, the district court failed to give sufficient weight to the relative convenience of the transferee forum for the party-affiliated witnesses. *See Samsung*, 2 F.4th at 1379.

The second ground for the district court's ruling on the willing witness factor was its view as to the importance of Mr. Morris's testimony as the inventor of the asserted patents and the relative inconvenience to him of having to travel to California rather than to Waco. However, the court's ruling cannot be squared with our decision in *Apple*, 979 F.3d 1332. There, we concluded that the district court erred in giving more weight to the fact that the inventors and the patent prosecutor residing in New York would need to travel a greater distance to reach the Northern District of California than to reach Waco, Texas, given that transfer would allow several witnesses to testify without having to leave home. *Id.* at 1342. We reasoned that the inventors in that case "will likely have to leave home for an extended period" whether or not the case was transferred, and thus would "only be slightly more inconvenienced by having to travel to California than to Texas." *Id.* (internal quotation marks and citation omitted).

The facts in that case are comparable to the facts in this one. Although the district court emphasized that Mr. Morris would have not have to travel as far from his home in Georgia to reach Waco than to reach the Northern District of California, the difference in distance is not as important as the difference in travel time and the fact that the witness would be required to be away from home for several days in any event. *See Google*, 2021 WL 4427899, at *4 (explaining that "time is [often] a more important metric than distance"). There is no major airport in the Waco Division of the Western District of Texas; consequently, the total travel time from Atlanta, Georgia, to Waco would be only marginally less than the travel time from Atlanta to San Francisco.

Jenam argues that Mr. Morris would likely be unwilling to attend a trial if he were required to drive the extra distance to California. In fact, however, Mr. Morris said he would probably be unwilling to testify in-person at all during the COVID-19 pandemic, and he expressed a preference for being allowed to testify remotely. App. 500. Moreover, while Mr. Morris stated that if he were required to attend the trial, he would prefer to drive rather than to fly, his preference for driving was based on the COVID-19 pandemic. Given that the trial is not likely to be held until 2022 or 2023, it seems quite likely that conditions will have changed sufficiently by the time of the trial that Mr. Morris will no longer be faced with the prospect of having to drive to the site of the trial, whether it is held in Waco or the Northern District of California.

In other similar cases, this court has held that a district court abused its discretion in weighing the convenience of the willing witnesses when there are several witnesses located in the transferee forum and none in the transferor forum. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (holding that where "a substantial number of material witnesses reside within the transferee venue . . . and no witnesses reside within the" transferor venue, a district court "clearly err[s] in not determining" the convenience of willing witnesses "to weigh substantially in favor of transfer"); *see also Apple*, 979 F.3d at 1342; *Google*, 2021 WL 4427899, at *4; *In re TracFone Wireless, Inc.*, 852 F. App'x 537, 540 (Fed. Cir. 2021). Under these circumstances, we agree with Google that this factor weighs strongly in favor of transfer.

B

The second contested factor—having local interests adjudicated locally—also strongly favors transfer. It is undisputed that events that form the basis for Jenam's infringement claims against Google occurred in the Northern District of California where Google developed the

accused protocol at its headquarters. While some development activities took place in Massachusetts, that does not make the transferee venue less favorable, given that none of the underlying events occurred in the Western District of Texas. *See Samsung*, 2 F.4th at 1380 (transfer favored because most, even if not all, of the underlying research, design, and development of the accused products centered on activity within the transferee venue); *see also Juniper*, 2021 WL 4343309, at \*4.

The district court weighed against transfer the fact that "both Districts are home to Google facilities, employees, and are significant markets for the allegedly infringing products." App. 18. The problem with the court's analysis is that it relies on Google's general presence in the judicial forum, not on the locus of the events that gave rise to the dispute.

The fact that a party may have a general presence in a particular district does not give that district a special interest in the case. *See Juniper*, 2021 WL 4343309, at \*5 ("Juniper's general presence in the Western District of Texas is not enough to establish a local interest in that district comparable to that of the Northern District of California."); *In re Google LLC*, No. 21-144, 2021 WL 3378938, at \*1 (Fed. Cir. Aug. 4, 2021); *In re DISH Network L.L.C.*, 856 F. App'x 310 (Fed. Cir. 2021). Instead, what is required is that there be "'significant connections between a particular venue and *the events that gave rise to a suit.*'" *Apple*, 979 F.3d at 1345 (noting that this factor "most notably regards . . . the 'significant connections between a particular venue'" (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)) (emphasis in *Apple*)). In addition, Jenam's reference to the sale in the Western District of Texas of Google products that used the accused protocol does not give that district a substantial interest in the dispute. *See In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("[T]he sale of an accused product offered

nationwide does not give rise to a substantial interest in any single venue."); *TS Tech*, 551 F.3d at 1321.

The district court also weighed against transfer the fact that Jenam is incorporated in Texas. But Jenam's only connection to Texas is an office and a single employee, neither of which is located in the Western District. Under the circumstances, Jenam's status as a Texas entity is insufficient to give the Western District of Texas a local interest in the dispute that is comparable to that of the Northern District of California.

C

The court congestion factor also does not support keeping this case in the Western District of Texas. The court's contrary conclusion was not premised on a difference in docket congestion between the forums, *see Juniper*, 2021 WL 4343309, at *6. Instead, the court based its finding as to the court congestion factor on its view that if the case were transferred to the Northern District of California, "establishing a new schedule with a new presiding judge would cause greater delay." App. 17. We reject that rationale for denying transfer of venue here.

Although the Fifth Circuit in *Peteet v. Dow Chemical Co.*, recognized that granting the motion to transfer in that case "would have caused yet another delay in this protracted litigation," the court added an important qualifier: "Dow's motion to transfer venue was not filed until eighteen months after the case was remanded to the Eastern District of Texas." 868 F.2d 1428, 1436 (5th Cir. 1989). Since *Peteet*, the Fifth Circuit has reiterated that the delay associated with transfer may be relevant only "in rare and special circumstances," *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003) (finding error where the district court gave weight to the factor of possibility of delay or prejudice if transfer is granted), and, most recently, clarified that "garden-variety delay associated with transfer is not to be

taken into consideration when ruling on a § 1404(a) motion to transfer," *Radmax*, 720 F.3d at 289.

In light of that precedent, the district court erred in weighing the court congestion factor against transfer. This case is not one in which a movant seeking a transfer of venue has failed to act with reasonable promptness. Google filed its transfer motion within two months of the filing of the initial complaint and within days of the filing of the amended complaint. Nor did the district court point to other special or unique circumstances that would warrant departing from the general rule that the ordinary delay resulting from transfer is not entitled to weight. The district court in essence weighed against transfer that the Northern California court would be unlikely to adopt the same aggressive schedule as previously ordered in this case. But we have repeatedly held that it is improper to assess the court congestion factor based on the fact that the Western District of Texas has employed an aggressive scheduling order for setting a trial date. *Juniper*, 2021 WL 4343309, at *6; *Samsung*, 2 F.4th at 1380–81; *Apple*, 979 F.3d at 1344; *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020).

D

The fourth disputed factor, relating to the sources of proof, also does not favor the Western District of Texas as the more convenient forum. Although the sources-of-proof factor focuses on "the relative access to sources of evidence in the two competing forums," *Juniper*, 2021 WL 4343309, at *6, the district court here identified no sources of proof within the Western District of Texas. The only sources of proof that the court identified as being anywhere in Texas were in the possession of Mr. Gordon, who resides in the Eastern District of Texas. Even putting aside the fact that those sources of proof are outside the forum, the district court here recognized that the bulk of the evidence would likely be coming from the accused infringer.

Moreover, and more importantly, the district court provided no sound basis to disregard the Northern District of California as a convenient forum with respect to the sources of proof. Read fairly, Google's declaration makes clear that source code and technical documents relating to the accused activities, as well as a significant number of documents relating to Google's marketing, finances, and sales, were created and are maintained in the Northern District of California. Although the declaration stated that some evidence would also be located in Massachusetts, we have held that the fact that some evidence is stored in places outside both forums does not weigh against transfer. *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and transferee forum is not altered by the presence of other witnesses and documents in places outside both forums.").

While the district court found that these sources of proof would not be difficult to access electronically from Google's offices in the Western District of Texas, that does not support weighing this factor against transfer. The Fifth Circuit has explained that while electronic storage of documents makes them more widely accessible than was true in the past, the fact that documents can often be accessed remotely does not render the sources-of-proof factor irrelevant. *See Volkswagen*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."). We therefore see no sound basis for the district court having weighed the sources-of-proof factor against transfer; if anything, that factor weighs in favor of transfer.*

---

* The district court found that the fifth factor the parties disputed—the availability of compulsory process—favored transfer, although only slightly. The district court's ruling on that factor, however, was affected by its

E

In sum, the center of gravity of this action is clearly in the transferee district, and decidedly not in the Western District of Texas. Several of the most important factors bearing on the transfer decision strongly favor transfer, and no factor favors retaining the case in the Western District of Texas. In fact, there is nothing at all that ties this case to the Western District of Texas: no witnesses reside there; no evidence is present there; and none of the conduct giving rise to this action took place there. The only connection that the district court identified between this case and the Western District of Texas is that Google has a general presence in the district. As we have previously noted, the court's reliance on that circumstance to justify denying transfer "improperly conflate[d] the requirements for establishing venue under 28 U.S.C. § 1400(b) and the requirements for establishing transfer under § 1404(a)." *Apple*, 979 F.3d at 1346. We therefore grant Google's petition seeking transfer of the case to the Northern District of California.

---

conclusion that any witness who was not shown to be unwilling to testify in the Western District of Texas should be assumed to be a willing witness. App. 10–11. We have held, however, that where the movant has identified multiple third-party witnesses "and shown that they are overwhelmingly located within the subpoena power of only the transferee venue, this factor favors transfer even without a showing of unwillingness for each witness." *Hulu*, 2021 WL 3278194, at *4; *In re HP Inc.,* No. 18-149, 2018 WL 4692486, at 3 n.1 (Fed. Cir. Sept. 25, 2018) ("[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor."). The court therefore should have found that factor to favor transfer more than "only slightly." App. 12.

Accordingly,

IT IS ORDERED THAT:

The petition is granted. The district court's order denying Google's motion to transfer is vacated, and the district court is directed to grant the transfer motion.

                                    FOR THE COURT

October 06, 2021              /s/ Peter R. Marksteiner
    Date                      Peter R. Marksteiner
                              Clerk of Court

s25

cc: United States District Court for the Western District of Texas